**TIEJUN WU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–76742.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 28, 2009.

Daniel Fong, Law Offices of Daniel K.Y. Long, Monterey Park, CA, for Petitioner.

David V. Bernal, Assistant Director, Jesse Matthew Bless, Oil, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

### MEMORANDUM **

Tiejun Wu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand.

The BIA concluded that Wu failed to rebut the presumption that notice of the scheduled January 6, 2005, hearing was properly delivered because it did not appear that Wu had initiated proceedings to seek relief, and because Wu's sworn statement of non-receipt lacked sufficient detail. The record reflects that Wu applied for asylum relief before the agency commenced removal proceedings, appeared at two hearings, and successfully appealed to the BIA before failing to appear at his hearing on remand. At the time of its decision, the BIA did not have the benefit of our decision in *Sembiring v. Gonzales*, 499 F.3d 981, 988–90 (9th Cir.2007) (adopt-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing a "practical and commonsensical" test to determine whether the evidence rebuts the weaker presumption of service applicable to delivery via regular mail, and holding that claim of personal non-receipt was sufficient where alien initiated proceedings and appeared on previously scheduled hearing date). We therefore remand for reconsideration of Wu's motion to reopen in light of *Sembiring*.

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.